Argued February 24, affirmed May 9, 1977

STATE OF OREGON, *Respondent,*
*v.*
JAMES JOSEPH EDER, *Appellant.*
(No. C76-02-01464, CA 6805)

563 P2d 765

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James A. Redden, Attorney General, W. Michael Gillette, Solicitor General, and Richard M. Sandvik, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, Lee and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

Defendant was sentenced to a term of six years imprisonment for first degree sodomy and attempted first degree rape. The issue on appeal is whether the sentencing court erred in quashing defendant's subpoena of the raw test data which was used in formulating the psychological evaluation of defendant contained in the presentence report.[1]

Defendant was given access to the presentence report. The court also granted defendant's motion for appointment of a psychologist to assist in preparation for the sentencing hearing. That psychologist interviewed defendant and administered the same battery of tests that was used in preparation of the presentence report. At the sentencing hearing, defendant's psychologist testified as to the results of those tests and expressed disagreement with many of the conclusions contained in the presentence report.

Disclosure of presentence reports is governed by ORS 137.079 which provides:

"(1) A copy of the presentence report shall be made available to the district attorney, the defendant or his counsel a reasonable time before the sentencing of the defendant.

"(2) The court may except from disclosure parts of the presentence report which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable only on a promise of confidentiality.

"(3) If parts of the presentence report are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. The action of the court in excepting information shall be reviewable on appeal."

---

[1] Defendant's contention that the trial court erred in denying defendant's motion for judgment of acquittal does not warrant discussion in light of *State v. McJunkin,* 27 Or App 401, 556 P2d 164 (1976), *rev den* (1977), and *State v. Lammers,* 29 Or App 207, 562 P2d 1223 (1977).

Defendant correctly points out that this statute was enacted to increase the fairness and the appearance of fairness of the sentencing process and to insure that sentences will be based upon accurate information. Proposed Oregon Criminal Procedure Code §§ 419-420 (1972); *see also* American Bar Association, *Standards Relating to Sentencing Alternatives and Procedures* §§ 4.4-4.5 (1968). In light of these purposes, defendant contends, ORS 137.079 should be broadly construed as requiring disclosure of the data upon which conclusions in the presentence report are based. Defendant also argues that access to such data is constitutionally guaranteed.

Although defendant's constitutional claims have some authoritative support,[2] we need not consider them. Assuming arguendo that such rights are constitutionally guaranteed and, consistently, that ORS 137.079 should be broadly construed, we nevertheless conclude that disclosure of the data which defendant seeks was not required in this case. The constitutional and statutory purposes were served by the appointment of a psychologist to administer the same tests to defendant which were used in preparing the presentence report. That adequately enabled defendant to bring to the attention of the court asserted inaccuracies in the psychological evaluation portion of the presentence report. The assistance of the psychologist also enabled defendant's counsel to effectively

---

[2]Access to the test data might be deemed necessary to assure the effective assistance of counsel, *see Kent v. United States,* 383 US 541, 86 S Ct 1045, 16 L Ed 2d 84 (1966); *Townsend v. Burke,* 334 US 736, 68 S Ct 1252, 92 L Ed 1690 (1948), or necessary to protect defendant's due process right to be sentenced on the basis of accurate information, *see Collins v. Buchkoe,* 493 F2d 343 (6th Cir 1974); *United States v. Picard,* 464 F2d 215, 219-220 (1st Cir 1972); *United States v. Weston,* 448 F2d 626, 632 (9th Cir 1971), *cert den* 404 US 1061 (1972); *United States v. Malcolm,* 432 F2d 809, 816 (2nd Cir 1970). It has been suggested that these rights together with defendant's traditional right of allocution, give rise to a due process right to rebut adverse information in the presentence report. Note, *Due Process in Sentencing: A Right to Rebut the Presentence Report?,* 2 Hastings Con Law Q, 1065 (1975); *see generally,* Note, *Disclosure of Presentence Reports in Federal Court: Due Process and Judicial Discretion,* 26 Hastings L J 1527 (1975).

apprise the court of an alternative to the analysis of defendant's psychological condition presented in the report. Under these circumstances, disclosure of the test data would have done little to further defendant's interests or to improve the fairness of the sentencing process. Where, as here, defendant's interests are otherwise adequately served, disclosure of the data upon which the presentence report is based is neither constitutionally nor statutorily required.

Affirmed.