Argued and submitted June 24, reversed and
remanded to the circuit court September 10, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD J. CARSNER,
*Petitioner.*

## (TC J79-0816, CA 14826, SC 26931)

616 P2d 491

Richard A. Cremer, Roseburg, argued the cause for petitioner. On the brief was Joan Glawe Seitz, Assistant Public Defender, Roseburg; on the petition was Thomas C. Bernier, Assistant Public Defender, Roseburg.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

TANZER, J.

**TANZER, J.**

■ The defendant's conviction for driving while his operator's license was revoked and two counts of driving under the influence of intoxicants[1] was affirmed by the Court of Appeals.[2] He contends that the sentence is invalid because the trial court failed to provide him with a copy of the presentence report, and we allowed review to examine that contention.

Defendant waived counsel and pleaded guilty to all three charges. The court ordered a presentence report. At sentencing, the court did not make a copy of the presentence report available to the defendant. Instead, the court stated:

"It's my practice to hear from the District Attorney first and then I shall go over the presentence investigation with you. It is considered to be of a confidential nature, in some respects, and so I am not able to give you a copy, but I shall go through it in its entirety with you one way or another. * * *."

This court has held that strict compliance with statutes regulating sentencing procedures is mandatory unless literal application of the statutes would produce absurd results. As we said in *State v. Biles,* 287 Or 63, 597 P2d 808 (1979):

"Whether or not this court, as a matter of policy, believes the statutory requirements are necessary to ensure responsible sentencing is irrelevant." 287 Or at 70.

The controlling statute in this case is ORS 137.079 which directs that a copy of the presentence report be made available to the defendant and provides specific procedures for the protection of confidential portions of the report.[3] Instead of providing a copy

---

[1] ORS 487.560(6) and 487.540(1), respectively.

[2] *State v. Carsner,* 45 Or App 115, 608 P2d 560 (1980).

[3] ORS 137.079: "(1) A copy of the presentence report and all other written information concerning the defendant that the court considers in

to the defendant, the court read, paraphrased, summarized and explained the report to the defendant and allowed him to respond or ask questions. The court did so in a full and impartial manner that was obviously designed to make the process meaningful to the defendant. There is no suggestion that the court acted in a misleading manner. Because the defendant is illiterate and of limited intelligence, the Court of Appeals concluded that the trial court had adopted "an acceptable alternative" to statutory compliance. We disagree with that conclusion for two reasons.

First, the introductory statement by the trial court indicated that it would not furnish a copy because of the confidential nature of the report. Subsections (2) and (3) of ORS 137.079 provide a means for the protection of confidential portions of the report. It does not allow for withholding of the entire report. To have done so for that reason was error.

Second, the special circumstances of the defendant's limited understanding did not excuse the court from compliance with the statutory requirement that defendant be furnished a copy. The court's oral review of the report with the defendant is a

---

the imposition of sentence shall be made available to the district attorney, the defendant or his counsel a reasonable time before the sentencing of the defendant. All other written information, when received by the court outside the presence of counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed.

"(2) The court may except from disclosure parts of the presentence report or other written information described in subsection (1) of this section which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable with an expectation of confidentiality.

"(3) If parts of the presentence report or other written information described in subsection (1) of this section are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. The action of the court in excepting information shall be reviewable on appeal."

commendable device for imparting understanding to the defendant. It is particularly appropriate where, as here, the defendant's ability to understand is limited, and it is our intention to encourage rather than to discourage such practices. The desirability of oral discussion with the defendant, however, does not relieve the court of the statutory necessity of providing a copy to him prior to the hearing. An illiterate defendant who has waived counsel may prefer, for example, to have the report read to him by a friend or relative and the procedure established by the statute would enable him to do so. Compliance with the statutory procedure is mandatory. Other informative procedures can complement the statutory procedure, but they cannot substitute for it.

■ ■ In summary, absent a waiver, there is no acceptable alternative to compliance with ORS 137.079. When the legislature has specified a procedure by enacting it into law, then, unless literal application of the statute would be absurd due to exceptional circumstances, we shall require that the statutory procedure rather than judicially created alternative procedures be followed.

Reversed and remanded for resentencing.