Argued and submitted November 10, conviction affirmed;
sentence vacated; remanded for resentencing December 22, 1980

# STATE OF OREGON,
*Respondent,*

*v.*

# PATRICK CASE GREEN,
*Appellant.*

## (No. C80-02-30601, CA 18070)

621 P2d 67

John Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant was found guilty in a trial to the court of rape in the first degree, ORS 163.375, and sentenced to ten years. On appeal he seeks reversal of the conviction, assigning as error denial of an opportunity to make a closing argument and failure to provide him with a copy of the presentence report. It is not necessary to recite the facts of the case. We affirm the conviction but remand for resentencing.

Defendant contends that *Herring v. New York,* 422 US 853, 95 S Ct 2550, 45 L Ed 2d 593 (1975), established the right to make a closing argument in a nonjury trial as a Sixth Amendment right and that this right is also extended by the nearly identical wording of Article I, section 11 of the Oregon Constitution.[1] *Herring* did hold that "a total denial of the opportunity for final argument in a nonjury trial is a denial of the basic right of the accused to make his defense." 422 US at 859. However, in *Herring* the court, pursuant to the New York statute which was being challenged, denied defense counsel's specific request to make closing argument.[2]

In the present case, the record shows the following exchange at the end of the state's case in rebuttal:

"THE COURT: Anything more?
"PROSECUTOR: No. No further witnesses.
"DEFENSE COUNSEL: No, Your Honor.
"[The judge then made his ruling.]"

Defendant made no specific request for closing argument or objection to the proceeding at that time.

■■ In criminal as well as civil cases, an error not raised and preserved at trial will not be considered on appeal. *State v. Braley,* 224 Or 1, 355 P2d 467 (1960); *State v. Applegate,* 39 Or App 17, 591 P2d 371 (1979). This includes failure to preserve the right to closing argument. *State ex rel Vandenberg v. Vandenberg,* 48 Or App 609, 617

---

[1]    "In all criminal prosecutions, the accused shall have the right * * * to be heard by himself and counsel. * * *"

[2] NY Crim Proc Law § 320.20 (3) (c) (1971): "The court may in its discretion permit the parties to deliver summations. * * *"

P2d 675 (1980), *cf. Herring v. New York, supra,* 422 US at 860, citing *Yopps v. Maryland,* 228 Md 204, 207, 178 A2d 879 (1962). Because the alleged error was not called to the court's attention at the time it occurred so that it might have been corrected, it is not properly before us on appeal; nor is it an error so egregious that we should raise it on our own, Rule 7.19 of the Supreme Court and Court of Appeals, Rules of Appellate Procedure. The conviction is therefore affirmed.

■ Defendant's second assignment of error challenges the adequacy of the sentencing procedure in which he alleges he was denied a copy of his presentence report. The Supreme Court, in *State v. Carsner,* 289 Or 645, 616 P2d 491 (1980), has recently said that a judge may not satisfy the requirements of ORS 137.079 by reading the presentence report to a defendant.[3] The procedure in this case, in which the judge's policy apparently was to make a copy of the presentence report available in his chambers for defense counsel to look at, is equally unacceptable. The opinion in *Carsner* stated, "absent a waiver, there is no acceptable alternative to compliance with ORS 137.079." 289 Or at 649. We hold that the language of ORS 137.079 requires that the defendant or defendant's counsel be provided a separate copy of the report.

■ In *Buchea v. Sullivan,* 262 Or 222, 497 P2d 1169 (1972), and *State v. Ollison,* 16 Or App 544, 519 P2d 393 (1974), both this court and the Supreme Court noted the rationale for providing the defendant with the report, which is to enable defendant to point out errors or furnish explanations for matters found in the report. Defense counsel in this case made no formal objection, but he pointed out at the sentencing hearing that because he was denied a

---

[3] ORS 137.079 states:

"(1) A copy of the presentence report and all other written information concerning the defendant that the court considers in the imposition of sentence shall be made available to the district attorney, the defendant or his counsel a reasonable time before the sentencing of the defendant. All other written information, when received by the court outside the presence of counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed.

"* * * * * *"

copy of the report he felt he was unable to render effective assistance to his client and, in response to a question by the court, replied that for the same reason he had been unable to go over the defendant's prior criminal record with him. No formal objection is necessary. In *Carsner,* where the *pro se* defendant also failed to make a proper objection to the reading of the report, the Supreme Court held that "strict compliance with statutes regulating sentencing procedures is mandatory unless literal application of the statutes would produce absurd results." 289 Or at 647. Failure to provide defendant with a copy of the presentence report denied him the opportunity to prepare adequately for the sentencing hearing. He is therefore entitled to have his sentence set aside and to participate in a new sentencing procedure in keeping with the statutory requirements.[4]

Conviction affirmed; sentence vacated; remanded for resentencing.

_____

[4] Because of our disposition of this case we do not consider defendant's other assigned errors in the sentencing procedure, specifically, the court's failure to grant a continuance in the sentencing hearing and denial of defendant's request for psychiatric assistance in preparing for the hearing. Neither of these requests was presented by formal motion and we are thus unable to determine what additional information the defense would have put before the court had the requests been granted. In *State v. Eder,* 29 Or App 375, 563 P2d 765 (1977), we were able to analyze only after the fact the contribution of the court-appointed psychologist. We also note that ORS 137.079(1) only requires "a reasonable time" between the receipt of the presentence report and the sentencing date.