Argued and submitted November 10, conviction affirmed;
sentence vacated and remanded for resentencing December 22, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## FRENCH LEE MILLER,
*Appellant.*

## (No. C80-01-30154, CA 18001)

620 P2d 978

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

William F. Gary, Deputy Solicitor General, Salem, argued the cause for respondent. With him on the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, and David L. Hennings, Certified Law Student, Salem.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant was convicted of burglary in the second degree, ORS 164.215, after being found at 1:30 a.m. on his back in a puddle of soapy water on the floor of the Sugar Bowl Cafe in Portland. The glass door to the cafe had been broken, the cash register was empty, and defendant's pants pockets were full of change. Before trial defendant filed a motion to dismiss the charge based on ORS 161.125, alleging that because of intoxication on the night of the crime he was incapable of forming the required intent to commit a crime within a building, which is an essential element of ORS 164.215. The motion was denied, trial was held and defendant was found guilty by a jury. On appeal, he alleges that the conviction should be reversed for insufficiency of the evidence or, in the alternative, that he is entitled to have his case remanded for a statutorily correct sentencing proceeding. We affirm the conviction but vacate the sentence and remand for resentencing.

■■ Defendant's assignment of error on the sufficiency of the evidence question is not properly before us. Defendant made no motion for a judgment of acquittal either at the close of the state's case or at the end of the trial. On appeal, he asks us to find the trial court erred in not ordering, on its own motion, a judgment of acquittal, and that this error is sufficiently egregious to allow us to consider it here under Rule 7.19 of the Supreme Court and Court of Appeals Rules of Procedure. We refuse to do so. An error not properly preserved at trial will not, except in unusual circumstances, be considered on appeal. *State v. Green,* 49 Or App 949, 621 P2d 67 (1980). The conviction is therefore affirmed.

Defendant is, however, entitled to a remand on the sentencing issue. Just before the close of his trial, defendant attempted to dismiss his attorney but the court denied the motion. Counsel then withdrew, but was ordered by the court to continue to serve as "legal advisor" to the defendant, who called his own last witness and apparently made his own closing argument. He represented himself at the sentencing proceeding.

■■ A defendant proceeding *pro se* at sentencing is entitled to receive a copy of the presentence report and is

not required to accept as a substitute the court's oral synopsis of it. *State v. Carsner,* 289 Or 645, 616 P2d 491 (1980). If defendant's report contained confidential information, the presentence report statute, ORS 137.079(2) and (3), set forth a procedure for excepting these portions from disclosure. It is irrelevant that defendant's "court appointed advisor" had seen the presentence report. ORS 137.079(1) requires that a defendant or defendant's counsel be provided with a separate copy of the presentence report. *State v. Green, supra.* Defendant had no counsel; the court denied his request for the presentence report. He is therefore entitled to have his sentence vacated and the case remanded for resentencing.

The conviction is affirmed; the sentence vacated and the case remanded for resentencing.