Argued and submitted November 30, 1983, reversed February 22, 1984

## STATE OF OREGON,
*Respondent,*

*v.*

## DONALD E. WAGNER,
*Appellant.*

(22-464; CA A28046)

676 P2d 937

Jess M. Glaeser, Portland, argued the cause for appellant. With him on the brief was Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his convictions on three counts of tampering with a witness. He contends that there was no evidence to support the convictions. We agree. Accordingly, we reverse.

On November 5, 1982, defendant's wife and two stepdaughters contacted the Tillamook office of the Children's Services Division regarding incidents of sexual abuse by defendant. On December 15, 1982, he was arrested and charged with sexual abuse in the first degree. At the time of his arrest, he made statements indicating that his wife and children were no longer within the court's jurisdiction.[1] The children have not been seen in the area since November 7, 1982. On January 13, 1983, subpoenas were issued for defendant's wife and stepdaughters; they were never served.

On January 18, 1983, defendant was charged with three counts of tampering with a witness in violation of ORS 162.285(1)(b). The information alleged that, on or about January 8, 1983, defendant unlawfully and knowingly induced his wife and stepdaughters to absent themselves from an official proceeding to which they had been legally summoned. Following a jury trial, defendant was convicted on all three counts. This appeal followed.

Defendant contends for the first time on appeal that there was no evidence to support his conviction, because there was no evidence that his wife and stepdaughters had been legally summoned to an official proceeding at the time he allegedly induced them to leave. The state argues that, because defendant did not advance this argument below, we should not consider it here. While the general rule is that this court will not take cognizance of matters not called to the trial court's attention, when a defendant argues that there was absolutely no evidence to support his conviction, we will usually exercise our discretion to consider that issue. *See State v. Lindsey,* 45 Or App 607, 609 n 1, 609 P2d 386 (1980); *State v. Willy,* 36 Or App 853, 585 P2d 762 (1978); *but see State v.*

---

[1] The arresting officer testified that when defendant read the arrest warrant, he remarked:

"You will never make these charges stick because you don't have any witnesses. They are in Canada by now."

*Dennison,* 55 Or App 939, 640 P2d 669, *rev den* 293 Or 104 (1982).

Defendant was convicted of three counts of violating ORS 162.285(1)(b):

"(1)   A person commits the crime of tampering with a witness if:

"* * * * *

"(b)   He knowingly induces or attempts to induce a witness to absent himself from any official proceeding *to which he has been legally summoned.*" (Emphasis supplied.)

The drafter's commentary to this section states:

"It is not a violation of the section * * * to induce a witness to avoid *process* by leaving the jurisdiction of the court." (Emphasis in original.) Commentary to Proposed Oregon Criminal Code § 203 (ORS 162.285) (1970).[2]

Subpoenas were issued for defendant's wife and step-daughters on January 13, 1983; they were never served. Defendant, therefore, could not have been found to have violated ORS 162.285(1)(b). Although the evidence indicates that he very likely did induce his wife and stepdaughters to leave the court's jurisdiction *before* they were served with process, the legislature did not choose to make that conduct illegal. Thus, defendant's convictions cannot stand.

Reversed.

---

[2]According to the comment, because eluding legal process is not of itself an offense, inducing another to do so should not be a crime. Commentary to Proposed Criminal Code, *supra.*