Submitted on record and briefs August 1, 2005, conviction for witness tampering reversed; sentences vacated; remanded for resentencing; otherwise affirmed May 3, petition for review denied June 13, 2006 (341 Or 80)

STATE OF OREGON,
*Respondent,*

*v.*

ANDREW LAWRENCE TWEED,
*Appellant.*

03-01-30074; A121921

134 P3d 1047

Hari Nam S. Khalsa filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf filed the brief for respondent.

Before Schuman, Presiding Judge, and Landau* and Ortega, Judges.

ORTEGA, J.

---

* Landau, J., *vice* Richardson, S. J.

**ORTEGA, J.**

Defendant appeals his convictions for kidnapping in the second degree, ORS 163.225; assault in the fourth degree, ORS 163.160; menacing, ORS 163.190; and tampering with a witness, ORS 162.285. We reverse his conviction for tampering with a witness and affirm the other convictions without further discussion.

All of defendant's convictions arise from conduct involving his former girlfriend, Hall. Because a jury convicted defendant of all the offenses, we recite the evidence in the light most favorable to the state. *State v. Gibson*, 338 Or 560, 562, 113 P3d 423, *cert den*, 126 S Ct 760 (2005).

One evening, defendant boarded a bus that Hall was riding. He told her that he had a knife and would hurt her if she did not get off the bus with him. She complied, and the two went to a bar. After leaving the bar, they went to a number of different convenience stores and tried to purchase beer. They then entered a motel, where Hall complained that she was having trouble breathing. She asked the clerk at the motel to call an ambulance, and defendant told the clerk not to call anyone. He then grabbed Hall by the arm and dragged her out of the motel, pulling her hair and hitting her. He threatened to stab and kill Hall if she did not go with him and dragged her across the street to an area between two nearby houses. Meanwhile, the motel clerk called the police, who responded and arrested defendant.

After his arrest, defendant made threats against Hall. While in jail, he telephoned her and told her not to testify against him. He also wrote her a letter containing the following statements:

> "If you go to any court[,] I get 8½ years. I sure don't deserve that. You need to let this go. Don't take this as a threat but there are people out to get you now. I've told them not to but watch your back. When I'm let out they will chill out."

In addition, two of defendant's friends told Hall that they had received letters from defendant. One letter accused Hall of lying to the police and stated:

"If she does go lie and gets away with it she will be shot, so either way she is through. As it is, as soon as some people find her she is going to the hospital[;] she fucked with the wrong person this time. I'll kill her.

"\* \* \* \* \*

"You can tell [Hall] what I said but don't let her get this letter. I don't need more charges."

The other letter stated that defendant's court date was coming soon and that Hall "needs to not show on the kidnap." Defendant asked the recipient to talk to Hall by calling her from work or a pay phone, "[j]ust not [from] your house."

Hall's name appeared on defendant's indictment as a witness before the grand jury, and she also testified at defendant's trial. She testified at trial that she was scared that people were out to get her and that she was frustrated and apprehensive about having to testify. After Hall had finished testifying for the state, the deputy district attorney asked the court if Hall could be excused. The court declined because defendant indicated that he planned to call Hall as a defense witness.

Before closing arguments, defendant moved for a judgment of acquittal on the witness tampering charge, contending that the state had not provided any evidence that Hall had been legally summoned to testify. The trial court denied the motion. A jury convicted defendant, and this appeal ensued.

On appeal, defendant renews his argument that he could not be convicted of witness tampering because there was no evidence that Hall had been legally summoned to testify. ORS 162.285(1) provides, in part:

"A person commits the crime of tampering with a witness if:

"\* \* \* \* \*

"(b) The person knowingly induces or attempts to induce a witness to be absent from any official proceeding to which the person has been legally summoned."

Defendant contends that he could not be convicted in the absence of evidence that Hall was served with a subpoena or

other legal process before defendant tried to induce her not to testify and that the state presented no such evidence.

The state, in response, contends that the evidence was sufficient to support a witness-tampering charge. According to the state, we were wrong in prior decisions where we interpreted "legally summoned" to require that the witness actually be served with legal process. The state contends that defendant was convicted of *attempting* to induce Hall to be absent and that, under ORS 161.425,[1] impossibility is no defense to an attempt crime. Accordingly, the state maintains, as long as defendant believed that Hall had been or would be legally summoned, it is no defense to the witness-tampering charge that Hall was not actually summoned as a witness. In any event, the state argues, a reasonable trier of fact could infer—based on Hall's appearance at trial despite her fears and based on the trial court's ordering her to remain after she had testified for the state—that Hall was summoned as a witness.

We have consistently held that, as an element of witness tampering under ORS 162.285(1)(b), the state must show that the witness was served with some sort of legal process before the defendant tried to prevent the witness from testifying. In *State v. Wagner*, 67 Or App 75, 78, 676 P2d 937 (1984), we considered the drafter's commentary for ORS 161.285(1)(b) and concluded that, where the evidence showed that the witnesses were never served with subpoenas, the defendant could not be convicted of witness tampering. Similarly, we later held that, in order to form the basis of a tampering charge, any inducement must occur after the witness at issue has been served with a subpoena. *State v. Martin*, 95 Or App 170, 175, 769 P2d 203 (1989). More recently, we concluded that, where the state failed to show that the defendant's attempt to induce a witness not to testify occurred *after* the witness had been summoned, "the state did not prove [an] element of the offense, [and] the trial court erred

---

[1] ORS 161.425 provides:

"In a prosecution for an attempt, it is no defense that it was impossible to commit the crime which was the object of the attempt where the conduct engaged in by the actor would be a crime if the circumstances were as the actor believed them to be."

in denying defendant's motion for a judgment of acquittal * * *." *State v. Pervish*, 202 Or App 442, 467, 123 P3d 285 (2005), *rev den*, 340 Or 308 (2006).[2] We decline the state's invitation to overrule our previous decisions.

We turn to the state's argument that the jury could infer that Hall was legally summoned to appear. The state points out that Hall testified before the grand jury, that she testified at trial despite her stated concerns about her own safety, and that the trial court did not excuse Hall after she testified for the prosecution. However, assuming that a rational juror could conclude that Hall was at some point summoned and required to appear as a witness, there is no evidence that Hall was summoned as a witness *before* defendant's conduct occurred. Because the state did not meet its burden of demonstrating that defendant tampered with the witness after she was summoned, his conviction for tampering with a witness must be reversed.

Conviction for witness tampering reversed; sentences vacated; remanded for resentencing; otherwise affirmed.

---

[2] Indeed, in *Pervish* and *Martin*, the state conceded that the evidence did not support a conviction of witness tampering. *Pervish*, 202 Or App at 467; *Martin*, 95 Or App at 175.