Argued September 18, affirmed October 30, 1978

# STATE OF OREGON, *Respondent,*
## *v.*
# BARBARA JEAN WILLY, *Appellant.*
## (No. 77-314C, 77-315C, CA 10913)
585 P2d 762

Neil D. Smith, Klamath Falls, argued the cause and filed the brief for appellant.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

Defendant appeals her conviction in a combined trial before the court without a jury on indictments for unlawfully using food stamps, ORS 411.840, and unlawfully obtaining public assistance, ORS 411.630. She assigns four alleged errors on appeal. We find no error, and affirm.

In preparing our opinion, we have drawn in large measure on the respondent's brief.

■ Defendant first assigns as error the failure of the trial court to sustain her demurrers to the two charging instruments. The first indictment, charging the defendant with unlawfully and knowingly obtaining food stamps, alleged in pertinent part,

> "* * * the said [defendant] on or about the 25th day of February, 1977, did unlawfully and knowingly obtain food stamps in an amount she was not entitled to receive due to the fact that she failed to report receipt of income which directly affected the amount of food stamps to which she was entitled, * * *."

Defendant demurred to this indictment on the ground that, as written, it failed to state a crime under the appropriate statute, ORS 411.840 which provides in pertinent part:

> "(1) No person shall knowingly obtain * * * any food stamp * * * to which he * * * is not entitled * * *."

The language in the indictment that the defendant "did unlawfully and knowingly obtain food stamps in an amount she was not entitled to receive * * *" generally comports with the language of the statute, and was sufficient to advise the defendant of the charge. *See State v. Miller,* 11 Or App 398, 501 P2d 1309 (1972). The demurrer was properly overruled.

■■ Defendant similarly challenges her indictment for obtaining public assistance unlawfully. That indictment provided, in pertinent part,

> "The said [defendant] on or about the 18th day of February, 1977, * * * did unlawfully and knowingly

[ 855 ]

obtain for the benefit of herself, public assistance, to which she was not entitled under state law, by means of failing to immediately notify the Public Welfare Division of the receipt of income which directly affected the amount of assistance to which she was entitled."

Defendant alleges this indictment was insufficient, and her demurrer thereto should have been sustained, because the indictment does not charge a "change of circumstances" as defendant alleges that fact must be charged in an indictment under ORS 411.630. ORS 411.630 provides, in pertinent part:

"(1) No person shall knowingly obtain or attempt to obtain, for the benefit of himself or any other person, any public assistance, as defined in ORS 411.010, to which he or such other person is not entitled under state law by means of:

"* * * * *

"(b) Failure to immediately notify the Adult and Family Services Division of the receipt or possession of property or income, *or of any other change of circumstances,* which directly affects the eligibility for, or the amount of, such assistance." (Emphasis added.)

Defendant correctly suggests that the statute proscribes the receipt of public assistance to which the recipient is not entitled due to some change of circumstances. *See* Minutes, House Committee on Welfare, February 19, 1969, page 3. However, the underscored language of subsection (1)(b) of ORS 411.630 shows that the mere receipt of income constitutes, as a matter of law, a "change of circumstances" for the purposes of defining and charging the offense of obtaining public assistance unlawfully. No separate allegation to that effect is necessary. The demurrer was correctly overruled.

■■ Defendant next assigns as error the trial court's failure to give a verdict for defendant, *sua sponte,* on the charge of unlawfully obtaining food stamps.

Defendant acknowledges that this contention was not advanced in the trial court, and that normally this court will not first take cognizance of matters not

[ 856 ]

called to the attention of the trial court. *See State v. Frye,* 2 Or App 192, 465 P2d 736 (1970). Because, however, the allegation is that there was absolutely no evidence from which the defendant could have been convicted, we consider the issue presented by the defendant. We find, however, that the record does contain evidence to the effect that defendant did obtain food stamps. Witness Toni Myers testified that on February 25, 1977, defendant negotiated a food stamp card and purchased food stamps. In addition, the State introduced evidence in the form of an exhibit consisting of an Adult and Family Services Division form showing that defendant was certified for the receipt of food stamps on February 3, 1977, and that she purchased $297 worth of food stamps in February and March of 1977. There was no error.

■ Defendant next assigns as error the trial court's admission into evidence of copies of certain child support checks received by the defendant from her former husband. It is the defendant's failure to report the receipt of those checks which constitutes the basis of the state's claim that the defendant improperly received certain public assistance benefits. The checks were highly relevant to this question, and the objection to them was properly overruled.

■ ■ Finally, defendant argues that the trial court erred in denying defendant's motion for directed verdict. Defendant's argument under this assignment of error is threefold: (1) her receipt of child support income did not constitute a "change of circumstances" under ORS 411.630(1)(b); (2) she was thus not under any duty to notify AFSD immediately of such receipt; and (3) even if her receipt of child support was a "change of circumstances" under ORS 411.630(1)(b) and she did have a duty to notify, the State failed to prove beyond a reasonable doubt that defendant knowingly failed to notify AFSD of such receipt as required by statute because her instructions to do so were ambiguous.

Ground (1) of defendant's argument here fails for

the reasons already set forth, *viz,* the receipt of income constitutes a "change of circumstances" as a matter of law under ORS 411.630(1)(b).

Because defendant's receipt of child support was a change of circumstances as a matter of law, she was under a duty to notify AFSD of that receipt not only by virtue of the terms of ORS 411.630(1)(b) but also from specific instructions to that effect given to her by Welfare personnel at the time she was first seeking public assistance. Viewed in the light most favorable to the State, *State v. Nix,* 7 Or App 383, 491 P2d 635 (1971), the evidence shows that the defendant was informed from the very outset of her contact with AFSD that she was to report the receipt of any income in general and child support in particular. Among other things, defendant was informed by her assistance worker that she was required to surrender her child support checks to AFSD because her assistance grant was based on the assumption that she would not be receiving such income.

This same evidence supports the inference that defendant knowingly failed to report her receipt of the child support. Defendant indicated to her assistance officer that she understood her responsibilities in this regard. This was sufficient evidence to support the trial court's verdict of guilt.

Affirmed.