Argued August 23, reversed and
remanded for resentencing October 22, 1979

STATE OF OREGON,
*Respondent,*
*v.*
DONALD RAY KING,
*Appellant.*
(No. CC78-412 CA 12846)
601 P2d 845

James E. Mountain, Jr., Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

W. Benny Won, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals his conviction for three counts of First Degree Arson, ORS 164.325:

"(1) A person commits the crime of arson in the first degree if, by starting a fire or causing an explosion, he intentionally damages:

"* * * * *

"(b) Any property, whether his own or another's, and such act recklessly places another person in danger of physical injury or protected property of another in danger of damage.

"* * * * *."

In each count of the indictment defendant was alleged to have set fire to separate items of property, *i.e.,* a trash can, some bedding and a shower curtain, which recklessly placed protected property, a motel, in danger of damage. The evidence established that defendant set the three fires in different locations in the same motel in a period of approximately five minutes. He was found guilty by a jury of all three counts and was sentenced to three consecutive seven year terms, for a total of twenty-one years.

Defendant argues on appeal that the three counts should have resulted in one conviction and only one sentence imposed. He also contends the sentences imposed were excessive and unlawful.

■ Defendant concedes that the issue was not raised in the trial court. He argues, however, that the issue should be considered an egregious error on the face of the record. In relation to the sentences, defendant's only request was that they run concurrently.

In *State v. Applegate*, 39 Or App 17, 591 P2d 371 (1979), we discussed the problem of deciding merger questions which were not raised at trial. We said:

"In summary, we conclude that merger issues must be raised in the trial court in order to be preserved for appeal, unless we can affirmatively say in a particular case that an unpreserved merger question amounts to egregious error. And in considering

[723]

the egregiousness of an alleged merger error, some of the factors to be considered are concurrent versus consecutive sentences and the closeness of the question.* * *" 39 Or App at 25.

We also indicated in *Applegate* that we reserved the right, in exceptional circumstances, to consider a merger question not preserved for appeal, especially when it presents a novel problem. *See also State v. Harris*, 287 Or 335, 599 P2d 456 (1979). Although this case does not strictly involve a question of merger, *see State v. Cloutier*, 286 Or 579, 596 P2d 1278 (1979), the raise or waive principle of *Applegate* is applicable.

We conclude, applying the criteria set out in *Applegate*, that the error is egregious and we will consider it despite the fact that it was not properly preserved. Defendant was given three consecutive sentences, which total more than the maximum sentence he could have received on a single conviction of first degree arson. The issue is novel in that we have not previously decided this precise question.

The case does not involve a question of merger of offenses as that concept is defined in *State v. Cloutier, supra*. In *Cloutier*, the Supreme Court said merger "* * * is best reserved for the narrow situation when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." 286 Or at 586. This case also does not involve commission of offenses against separate victims. *See State v. Dillman*, 34 Or App 937, 580 P2d 567 (1978), *rev den* (1979). Nor does it involve a situation exemplified by *State v. Boyd*, 15 Or App 650, 517 P2d 321 (1973), *rev den* (1974), wherein we held a defendant could not be separately convicted and sentenced for the offense of conspiracy to sell drugs and at the same time possession of the same drugs.

Although no decision of this court or the Supreme Court is exactly in point, *State v. Welch*, 264 Or 388, 505 P2d 910 (1973), ruled on an analogous problem. In

*Welch*, the defendant, at the same time and by the use of one deposit slip, deposited in his bank account, two checks drawn in his favor by a third party on an account in a California bank. The account in the California bank was nonexistent. Defendant was convicted and sentenced on a separate charge for passing each of the two checks. The court said it was a matter of legislative intent whether defendant could be convicted and sentenced for both charges. The court held that had the legislature considered the problem it would have chosen not to impose multiple punishments. Defendant's conduct in negotiating each of the two fraudulent checks would constitute a separate offense as described in the former ORS 165.115. However, the single objective of the multiple acts was to defraud the bank.

 The evident purpose in setting the three fires was to damage the motel, a single protected structure. The burning of nonprotected personal property would constitute reckless burning, ORS 164.335, if protected property was not endangered. Reckless burning, a Class A misdemeanor, is elevated to first degree arson, a Class A felony, if protected property is endangered. We conclude the legislature did not intend that a defendant, who sets fire to a number of items of personal property with the objective of damaging a single protected structure, should be subjected to multiple convictions and sentences. Accordingly, the case is remanded to the circuit court to enter judgment for a single conviction of first degree arson and for resentencing.[1]

Reversed and remanded for resentencing.

---

[1] We need not discuss defendant's claims that the sentences imposed were excessive.