Argued and submitted December 12, 1979,
reversed and remanded with instructions March 10,
reconsideration denied April 9,
petition for review allowed May 28, 1980
See later issue Oregon Reports

## STATE OF OREGON,
### *Respondent,*

*v.*

## EDWARD J. CARSNER,
### *Appellant.*

## (No. J79-0816, CA 14826)

608 P2d 560

Thomas C. Bernier, Roseburg, argued the cause for appellant. On the brief was Joan Glawe Seitz, Assistant Public Defender, Roseburg.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Defendant was charged in a District Attorney's Information entitled:

"Count I: FELONY DRIVING WHILE RE-VOKED [ORS 487.560(6)], Count II: DRIVING WHILE UNDER THE INFLUENCE OF INTOXI-CANTS [ORS 487.540(1)(b)], Count III: DRIVING WHILE UNDER THE INFLUENCE OF INTOXI-CANTS OVER .10% OF ALCOHOL IN BLOOD [ORS 487.540(1)(a)]."

The Information alleged that the charges all arose out of the same act and transaction. Defendant waived his right to be represented by counsel and entered pleas of guilty to all three charges. The court ordered a presentence report and after considering the report sentenced defendant to five years incarceration on the felony charge and to one year each on the other charges, the latter two sentences to run concurrently.

Defendant contends that the judgment should be remanded for resentencing on either of three different grounds. He first asserts the charges in Count II and III should be merged for sentencing because the single offense of driving while under the influence of intoxicants cannot be separated into separate parts.

The state argues that the defendant did not object to the sentencing procedure or otherwise raise the issues now argued on appeal and this court should decline to consider the claim of error. In certain instances we review claimed errors regarding sentencing even though they were not properly preserved by appropriate action in the trial court. *See State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* 287 Or 301 (1979). We conclude that this is an instance when we should consider the merits of the claim of error. Defendant elected to represent himself. The record indicates he is of low intelligence and is functionally illiterate. We ordinarily do not accord special consideration in procedural matters to defendants who consciously elect to represent themselves. However, in

[117]

this instance the reason for reviewing the first claim of error is that the defendant was convicted and sentenced on an offense that did not exist.

The relevant statute, ORS 487.540, provides:

"(1) A person commits the offense of driving while under the influence of intoxicants if he drives a vehicle while:

"(a) He has .10 percent or more by weight of alcohol in his blood as shown by chemical analysis of his breath, blood, urine or saliva made under ORS 487.805 to 487.815 and 487.825 to 487.835; or

"(b) He is under the influence of intoxicating liquor, a dangerous drug or narcotic drug; * * *

"* * * * *."

Under the former motor vehicle code a defendant could be charged with two separate offenses: driving under the influence of intoxicating liquor, former ORS 483.992(2), and driving with .15 percent or more by weight of alcohol in the blood, former ORS 483.999. *Doran v. State of Oregon,* 270 Or 758, 529 P2d 928 (1974). The motor vehicle code was substantially revised in 1975. Driving under the influence of intoxicants was described in ORS 487.540, quoted above. The legislative history of this provision indicates the legislature intended to provide alternate means of proving the single offense of driving while under the influence of intoxicants. Minutes, House Judiciary Committee, August 30, 1974 and May 6, 1975. Consequently there is no basis for a conviction and sentence on Count III of the information.

Defendant's second ground for resentencing is that he was not given a copy of the presentence report as required by ORS 137.079. The court, after noting from the presentence report that the defendant had limited intelligence and could not read or write, read the presentence report to defendant, including defendant's prior criminal record. The court paused in reading of the report in order to allow defendant to comment. Defendant offered explanations of some of the information but did not contest the contents of the report.

Although the court did not strictly comply with the dictates of ORS 137.079, in consideration of defendant's limited reading abilities, the court adopted an acceptable alternative.

Defendant's final contention is that the five year sentence on the felony charge was excessive. The sentence imposed was the maximum allowed by statute, ORS 487.560(6). In view of defendant's extensive criminal record, including a number of prior convictions for drving while suspended, we conclude the sentence was not excessive.

Reversed and remanded with instructions to enter a judgment on Counts I and II and to dismiss Count III.