Argued and submitted February 13, reversed April 7, 1980

## STATE OF OREGON,
### *Respondent,*
#### *v.*
## JERRY EDWARD LINDSEY,
### *Appellant.*
## (No. 163788-7901, CA 15597)

609 P2d 386

Rita Radich, Portland, argued the cause and filed the brief for appellant.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on

the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, Richardson, Judge, and Schwab, Chief Judge.*

RICHARDSON, J.

---

*Schwab, C.J., *vice* Lee, J., deceased.

## RICHARDSON, J.

Defendant was convicted after a trial to the court of assault in the fourth degree on Lawrence Stahl; theft in the second degree, and assault in the fourth degree on Charles Gibbons. He appeals only the conviction for assault on Charles Gibbons, contending there was no evidence to support that conviction. The state concedes error in that the only injury the victim suffered was a torn shirt. Assault in the fourth degree, ORS 163.160, requires that there be a physical injury which is defined as "impairment of physical condition or substantial pain." ORS 161.015(6).

The state argues that defendant did not preserve the claimed error by a proper motion in the trial court and contends we should not consider the error on its merits. Defendant acknowledges that the contention raised on appeal was not advanced in the trial court but argues we should consider the issue.

In certain limited instances we have taken cognizance of claimed errors despite the fact that they were not properly preserved by action in the trial court. *See State v. Carsner,* 45 Or App 115, 608 P2d 560 (1980); *State v. Applegate,* 39 Or App 17, 591 P2d 371, *rev den* 287 Or 301 (1979); *State v. Reid,* 36 Or App 417, 585 P2d 411 (1978); *State v. King,* 42 Or App 721, 601 P2d 845 (1979); *see also* Rule 7.19, Supreme Court and Court of Appeals, Rules of Procedure.[1] We consider the claim of error and reverse. The state concedes

---

[1] In *State v. Willy,* 36 Or App 853, 585 P2d 762 (1978), one of defendant's claims of error was that there was absolutely no evidence to support the verdict rendered by the court. Defendant conceded that that contention was not raised at trial. We noted that normally appellate courts will not review matters which have not been called to the attention of the trial court. *State v. Frye,* 2 Or App 192, 465 P2d 736 (1970). We then said: "Because, however, the allegation is that there was absolutely no evidence from which the defendant could have been convicted, we consider the issue presented by the defendant." 36 Or App at 857.

The language from *Willy* should not be read as establishing any general rule that we will *always* consider challenges to the sufficiency of the evidence when such challenges were not raised in the trial court. The rule is that we may consider such assignments in our discretion. *Willy* was a case in which we exercised that discretion.

that there was no evidence to support the crucial element of assault in the fourth degree on Charles Gibbons. The judgment of conviction of Count III of the complaint is reversed.

Reversed.