Argued and submitted October 28, 1992, convictions affirmed; remanded for resentencing March 31, 1993

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL KELLY WILLIAMS,
*Appellant.*

(C9011-36300; CA A72792)

849 P2d 1155

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendant was convicted of five counts of promoting prostitution, five counts of compelling prostitution, custodial interference in the first degree, two counts of rape in the third degree and two counts of sodomy in the third degree. ORS 167.012; ORS 167.017; ORS 163.257; ORS 163.355; ORS 163.385. We affirm the convictions and remand for resentencing.

Defendant's first assignment is that the trial court erred when it failed, *sua sponte*, to acquit him of four counts of promoting prostitution and two counts of compelling prostitution. He argues that he could only be guilty of one count of compelling prostitution and three counts of promoting prostitution, although the victim recounted many acts of prostitution in detail for the jury. His argument is that promoting and compelling prostitution are continuing crimes so that, when one person induces another to prostitution, the first person has committed only one crime even though the other person thereafter commits many acts of prostitution.

■ Defendant admits that he made no motion for judgment of acquittal on the challenged counts but argues that we should address the issue because "there is no evidence to support a conviction." *State v. Willy*, 36 Or App 853, 585 P2d 762 (1978). Defendant's argument goes beyond the question of the sufficiency of the evidence to the nature of the crime. His argument presents an alleged error of law, which is in dispute. It is not an error apparent on the face of the record, and we decline to address it. ORAP 5.45(2); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991).

■ Defendant next assigns error to the court's failure to grant his motion for judgment of acquittal on the charge of custodial interference. There was sufficient evidence to reach the jury. Defendant failed to preserve his argument that the court's alternative instructions on the issue were in error because he made no objection to the instruction in the trial court.

■ Defendant next argues that the court erred when it failed to merge his convictions for promoting prostitution with the convictions for compelling prostitution. There was

no error. *State v. Malone*, 111 Or App 112, 824 P2d 430, *rev den* 313 Or 300 (1992).

■ Defendant finally argues that the court erred in the length of the consecutive sentences that it imposed. He contends that the primary offense of compelling prostitution is within grid block 8-H, which has a presumptive incarceration term of 19-20 months. He contends that, because the court did not impose a departure sentence, the total incarceration that could be imposed under OAR 253-12-020 was 40 months, not the 46 months to which he was sentenced.

The state concedes that the court may have made a "technical" error but argues that the sentence is correct because the court's statements at sentencing could be "read as the explanation of a departure." However, the court declined to impose a durational departure, and the written judgments indicate that the sentences are presumptive. Defendant is correct that the court erred when it imposed the consecutive incarceration terms.

Convictions affirmed; remanded for resentencing.