On appellant's petition for reconsideration filed November 3, 2000, petition for reconsideration allowed; opinion (170 Or App 239, 12 P3d 76) adhered to January 31, 2001

In the Matter of the Marriage of

H. Gerald BIDWELL,
*Appellant,*

*and*

Marilyn D. BIDWELL,
*Respondent.*

(9611-72413; CA A100737)

18 P3d 465

Jacob Tanzer and Ball Janik, LLP, for the motion.

Mark Johnson and Bennett, Hartman & Reynolds, *contra.*

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Husband has petitioned for reconsideration of our opinion in *Bidwell and Bidwell*, 170 Or App 239, 12 P3d 76 (2000). He reasons that we have departed from the principle that the "sale of a non-divisible marital asset and division of the proceeds is the remedy of choice to be applied in the absence of practical obstacles." We allow the petition for reconsideration and adhere to our opinion.

The Oregon courts have sought to articulate principles that guide the division of property in dissolution cases. *See Haguewood and Haguewood*, 292 Or 197, 207-08, 638 P2d 1135 (1981). The cases, however, do not yield a single principle that applies uniformly. In *Slauson and Slauson*, 29 Or App 177, 183-84, 562 P2d 604 (1977), the husband and wife had worked together in the grocery business. We reasoned that

> "in dividing the property the dissolution decree should seek to disentangle the parties' financial affairs and make them free from each other's interference. The friction resulting from the unsuccessful marriage partnership almost inevitably makes continued business association untenable."

*Slauson*, 29 Or App at 183-84. Conversely, in *Haguewood*, the court observed that "the wife's participation in the management and development of the corporate interest ha[d] not been substantial" and the "corporation reflects the industry and operational control of the husband." 292 Or at 207. The court reasoned that "[w]here division of the principal asset of the marriage would unnecessarily dissipate its value and where alternative means can be found for dividing the financial benefit of the asset," the asset should be awarded to the spouse best able to manage it and a compensating judgment should be awarded to the other spouse. *Id.* at 208.

■ The facts in this case appear closer to *Haguewood* than *Slauson*. Husband, however, reasons that in light of his age, health problems, and the vagaries of the brokerage business, he should not be required to continue to manage the business. As we explained, however, in our original opinion, the trial court expressly recognized that husband was free to

sell the business as long as he paid the compensating judgment. The trial court thus took a middle position between *Haguewood* and *Slauson*. It left to husband's judgment the decision whether it was preferable to sell the business or continue to run it.

■ Husband argues alternatively that the amount he owes wife should not be based on the expert's appraisal. He reasons that a sale would provide a more accurate measure of the business's value. That may be true as an abstract proposition, but husband has not challenged the trial court's finding that the business was worth $57,000,000.[1] As we explained in our original opinion, in light of that unchallenged finding, any greater accuracy produced by a sale would be marginal at best. Moreover, as we also noted, if we ordered a sale now, the sale price would reflect the fair market value of the business several years after the dissolution hearing. It would not necessarily reflect the fair market value at the time of the dissolution hearing, which is the relevant consideration. *See Olinger and Olinger*, 75 Or App 351, 357, 707 P2d 64, *rev den* 300 Or 367 (1985). To the extent that husband relies on a sale to establish the market value of the business at the time of the dissolution hearing, a sale now would do little to achieve that goal.

Having considered husband's motion for reconsideration, we adhere to our conclusion that, on the circumstances of this case, a forced sale would not be preferable to the trial court's disposition.

Petition for reconsideration allowed; opinion adhered to.

---

[1] Husband argues in his petition for reconsideration that we have misunderstood his position on this issue. In his reply brief, husband stated:

"Wife supplements Husband's Summary of Material Facts on two issues, neither of which is presented on appeal. First, Wife reviews the evidence supporting the finding that Bidwell & Co. is worth $57,000,000. Resp Br 4, 7-16. That issue is not presented on appeal. Husband contested the valuation in the trial court, but he has not assigned error to that finding. Wife's assertions are immaterial to the issue raised on appeal which is whether the business should be sold and the actual, realized value divided."

We adhere to our conclusion that husband does not challenge the trial court's valuation. He has not identified any basis in the record for saying that the court's valuation does not accurately reflect the fair market value of the business at the date of the dissolution hearing, nor does our review of the record disclose a basis for questioning the court's finding.