Argued and submitted June 18, 2001, affirmed January 30, 2002

Anthony J. BLANDINO,
*Appellant,*

*and*

William McILVAINE, D.C.,
*Plaintiff,*

*v.*

Robert FISCHEL, D.C.
and James Chaney,
*Respondents.*

98-1335L2; A108548

39 P3d 258

David C. Force argued the cause and filed the briefs for appellant.

Thomas W. Brown argued the cause for respondents. With him on the brief were Wendy M. Margolis, David B. Paradis, and Brophy, Mills, Schmor, Gerking & Brophy, LLP.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendants, Robert Fischel and James Chaney, initiated an action for malicious prosecution against plaintiff Anthony J. Blandino. After obtaining a dismissal of all claims, Blandino returned the favor and initiated this action against Fischel and Chaney for wrongful initiation of civil proceedings. The trial court dismissed that claim on summary judgment, and Blandino appeals. We affirm.

We state the facts in the light most favorable to the nonmoving party and review to determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones v. General Motors Corp.,* 325 Or 404, 420, 939 P2d 608 (1997).

This litigation version of tit-for-tat began when, in 1993, Virginia Douglas sued George Ledbury for injuries sustained in a motor vehicle accident. Douglas retained Blandino, a chiropractor, to testify on her behalf. Ledbury retained Robert Fischel, also a chiropractor, to testify on his behalf. At trial, both Blandino and Fischel were questioned about their qualifications. Although their answers appear not to have had any significance to the personal injury trial, as it turns out, they became extremely significant to the unfolding of the disputes in this case. In a nutshell, Blandino testified that he had a medical degree, and Fischel testified that, although he had an expired chiropractic license in Hawaii, he had active licenses in California and Oregon. The jury found in favor of Douglas, albeit for a relatively small amount of damages, small enough that Douglas could not afford to pay Blandino for his testimony.

Douglas contemplated an appeal and asked Blandino to review the record and, in particular, Fischel's testimony. In the process of reviewing the record, Blandino discovered that Fischel's testimony about his qualifications had not been entirely accurate: Fischel did not have an *active* license to practice chiropractic in California but, rather, had an *inactive* license in that state.

Blandino called the office of the Jackson County District Attorney to report what he believed to be "false swearing." The district attorney presented the matter to a grand

jury, which returned an indictment for perjury and false swearing. In response to the indictment, Fischel's attorney wrote a letter to the district attorney explaining that he simply had misspoken at the trial and that Blandino's actions were a product of longstanding personal and professional animosity. According to Fischel, when he said that he had an "active" license in California and Oregon, he meant only to draw a contrast between the expired Hawaii license and the unexpired licenses in California and Oregon. The district attorney, upon receiving the additional information, dismissed the charges against Fischel. According to the district attorney, Blandino had misled him about the facts and, had he been aware of all the facts, he would not have pursued criminal charges.

Meanwhile, Blandino experienced some problems of his own concerning his resumé. In 1994, the Oregon Department of Justice notified him that it had reviewed his testimony in the 1993 personal injury trial and that he had falsely represented that he had a medical license. The department warned him that if he continued to misrepresent his credentials it would pursue claims under the Unlawful Trade Practices Act. That same year, the Oregon Board of Chiropractic Examiners also was made aware of that testimony and, on the basis of that testimony, suspended Blandino from practice for 30 days and ordered him to pay a fine.

In 1995, Fischel turned the tables on Blandino and, through his attorney, defendant James Chaney, filed an action for malicious prosecution, alleging that Blandino lacked cause to report him to the local district attorney. Blandino moved for summary judgment, arguing that there was no evidence that he lacked probable cause to pursue the criminal charges. According to Blandino, he believed the charges to be true, and Fischel produced no evidence from which it could be inferred that he was lying about that. The trial court agreed and dismissed the malicious prosecution claim.

In 1998, not content with having obtained the dismissal of the claim against him, Blandino then initiated this action against Fischel and Chaney for wrongful initiation of civil proceedings. Blandino alleged that Fischel and Chaney

lacked cause to bring the malicious prosecution claim against him.

Fischel and Chaney moved for summary judgment. Fischel submitted an affidavit in which he stated that he filed the claim after consulting with his attorney and obtaining advice that, based on the facts as he had reported them, he had a valid claim. Chaney likewise submitted an affidavit in which he stated that he believed that there in fact was cause to file the malicious prosecution claim against Blandino because (1) Fischel's testimony in the 1993 personal injury trial was technically incorrect, but not a deliberate or material misrepresentation; (2) the district attorney had dismissed the criminal charges against Fischel, commenting that, had Blandino made a complete disclosure of the relevant facts, he would not have pursued criminal charges; (3) Blandino had told his own lie about his credentials at the 1993 personal injury trial, for which he had been fined and suspended; and (4) Blandino had a motive to be vindictive toward Fischel. The trial court agreed with Fischel and Chaney and allowed their motion for summary judgment.

On appeal, Blandino contends that the trial court erred in entering summary judgment in favor of Fischel and Chaney because the record reflects genuine issues of fact concerning whether either of them had probable cause to bring the action against him for malicious prosecution. According to Blandino, the evidence to the contrary simply is not credible.

The claim of wrongful initiation of civil proceedings requires proof of the following elements:

"(1)  The commencement and prosecution by the defendant of a judicial proceeding against the plaintiff;

"(2)  The termination of the proceeding in the plaintiff's favor;

"(3)  The absence of probable cause to prosecute the action;

"(4)  The existence of malice, or as is sometimes stated, the existence of a primary purpose other than that of securing an adjudication of the claim; and

"(5)  Damages."

*Alvarez v. Retail Credit Ass'n,* 234 Or 255, 259-60, 381 P2d 499 (1963). The question whether probable cause existed is one of law. *Id.* at 261 (quoting *Kuhnhausen v. Stadelman,* 174 Or 290, 310-11, 148 P2d 239, 149 P2d 168 (1944)). In the context of a claim for wrongful initiation of civil proceedings, the requirement of an absence of "probable cause" is less stringent than in other contexts and requires only that the defendant have lacked a reasonable basis for the underlying action. As we explained in *Erlandson v. Pullen,* 45 Or App 467, 474-75, 608 P2d 1169 (1980):

> "[I]n wrongful initiation of civil suits, the probable cause standard is less stringent th[a]n the probable cause needed to justify a criminal suit.
>
>> " '* * * less in the way of grounds for belief will be required to justify a reasonable man in bringing a civil rather than a criminal suit. Sometimes this is expressed by saying that want of probable cause must be "very clearly proven," or "very palpable," or that "greater latitude" must be allowed than in a criminal case. Apparently what is meant is merely that the instigator need not have the same degree of certainty as to the facts, or even the same belief in the soundness of his case, and that he is justified in bringing a civil suit when he reasonably believes that he has a good chance of establishing it to the satisfaction of the court or the jury. He may, for example, reasonably submit a doubtful issue of law, where it is uncertain which view the court will take. Advice of counsel to the effect that there is a reasonable chance that the claim will be found to be valid is enough to establish probable cause.' W. Prosser, *Law of Torts,* § 120, p 854 (4th ed 1971)."

Thus, to prevail on his claim of wrongful initiation of civil proceedings, Blandino has to prove that Fischel and Chaney lacked a reasonable belief that they had a good chance of prevailing on their malicious prosecution claim against him.

■■ To evaluate that requires a brief digression concerning the elements of a malicious prosecution claim, which are:

> "(1) the institution or continuation of the original criminal proceedings; (2) by or at the insistence of the defendant; (3) termination of such proceedings in the plaintiff's favor;

(4) malice in instituting the proceedings; (5) lack of probable cause for the proceeding; and (6) injury or damage because of the prosecution."

*Rose (Betty) v. Whitbeck,* 277 Or 791, 795, 562 P2d 188, *mod on other grounds* 278 Or 463, 564 P2d 671 (1977). In the context of a malicious prosecution claim, "probable cause" refers to the subjective and objectively reasonable belief that the defendant committed a crime. *Gustafson v. Payless Drug Stores Northwest, Inc.,* 269 Or 354, 358, 525 P2d 118 (1974). That means that, for Fischel to have prevailed on his malicious prosecution claim, he would have had to prove that Blandino lacked a subjective and objectively reasonable belief that Fischel had committed perjury and false swearing. In turn, that also means that, to prevail in this case, Blandino must prove that—stay with us here—Fischel and Chaney lacked probable cause to believe that Blandino lacked probable cause to pursue criminal proceedings against Fischel.

Fischel contends that Blandino's claim against him for wrongful initiation of civil proceedings fails, because the uncontradicted evidence is that he initiated the claim for malicious prosecution on advice of counsel. That means that he had probable cause as a matter of law. Blandino contends that Fischel's affidavit fails explicitly to set out the fact that he relied on Chaney's advice in good faith. Fischel replies that such an explicit averment is not required, and, in any event, there is no evidence from which it reasonably could be inferred that Fischel relied on Chaney's advice in bad faith.

■ We agree with Fischel. His affidavit is uncontradicted that he explained the facts as he knew them to his lawyer, Chaney, and that he relied on Chaney's advice that his malicious prosecution claim had a reasonable probability of success. *See Erlandson,* 45 Or App at 474 (advice of counsel that there is a reasonable chance of success is enough to establish probable cause). There is a complete absence of evidence in the summary judgment record that Fischel acted in bad faith in relying on the advice of Chaney. We conclude that the trial court did not err in granting summary judgment in favor of Fischel.

■    That leaves Chaney. He argues that the uncontradicted evidence shows that he had a reasonable basis for concluding that Blandino lacked at least subjective probable cause to believe that Fischel had committed perjury and false swearing at the 1993 personal injury trial. According to Chaney, his information was that Fischel had merely misspoken and had not intended to mislead, that the local district attorney believed that Blandino had misled him into initiating the criminal proceedings against Fischel, that Blandino had lied about his own professional credentials, and that he had a motive to be vindictive towards Fischel. Blandino contests none of that. His principal argument on appeal is that Chaney simply is not to be believed. Chaney replies that uncontradicted testimony cannot be controverted simply by asserting that it should not be believed. Chaney is correct. *Tolbert v. First National Bank*, 312 Or 485, 495, 823 P2d 965 (1991) ("flat disbelief * * * is not an inference that plaintiffs may invoke on summary judgment"); *see also Downs v. Waremart, Inc.*, 137 Or App 119, 137, 903 P2d 888 (1995) (only evidence of "specific facts" supporting an inference of fabrication sufficient to defeat summary judgment).

Blandino insists that Chaney should not be believed because he knew that Fischel had admitted that he lied in the 1993 personal injury trial. The only evidence that he cites in support of that assertion is Fischel's letter to the local district attorney, in which he explained that he had *not* lied about his qualifications, but rather had misunderstood the question and misspoken his answer. Blandino insists that Fischel's explanation is not credible. Thus, once again, the best that Blandino offers is an argument of flat disbelief of uncontradicted evidence. We conclude that the trial court did not err in entering summary judgment in favor of Chaney.

Affirmed.