Argued and submitted November 28, 2001, affirmed May 29, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# PAUL HOCKERSMITH,
*Appellant.*

## C9901-30076; A109646

47 P3d 61

Rankin Johnson IV, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction for possession of a controlled substance. ORS 475.992. He assigns error to the trial court's failure to enter a judgment of acquittal. We affirm.

The relevant facts are undisputed. Defendant was charged with possession of a controlled substance. He filed a petition to enter a pretrial drug treatment program, which would have entitled him to dismissal of the charge with prejudice upon successful completion of the treatment program. The petition recited that, if he failed to complete the treatment program, defendant agreed to proceed to trial "based solely upon the facts in the police report and laboratory reports, which I hereby stipulate to." The trial court allowed the petition and ordered defendant to enter a pretrial drug treatment program and pay a fine.

Defendant did not complete the treatment program and was arrested. The court held a hearing and terminated defendant's participation in the treatment program. The prosecutor then showed defense counsel copies of the police report and the laboratory reports, which were marked as exhibits. Both counsel reported that they were ready to proceed to trial on the basis of the facts reflected in those exhibits. The exhibits, however, were never received into evidence. The trial court found defendant guilty and imposed the presumptive probationary sentence.

■ Defendant now appeals, arguing that the trial court erred in failing *sua sponte* to enter a judgment of acquittal because there was a complete absence of evidence that defendant committed any crime, the relevant exhibits not having been received into evidence. He acknowledges that he did not move for a judgment of acquittal, but he insists that, under *State v. Willy*, 36 Or App 853, 585 P2d 762 (1978), a complete failure of proof may be raised for the first time on appeal. The state argues that, in light of *State v. Wyatt*, 331 Or 335, 15 P3d 22 (2000), and similar cases, *Willy* is "of questionable precedential value" and, in any event, does not stand for the proposition that a complete failure of proof always may be addressed for the first time on appeal. We agree with the

state that *Willy* stands for a narrower proposition than defendant suggests, one that does not require us to entertain his unpreserved challenge in this case.

In *Willy*, the defendant assigned error to the trial court's failure to enter a verdict in his favor *sua sponte*, because there was a complete absence of proof. We noted that the defendant had failed to make the proper motion at trial. We also acknowledged that "normally this court will not first take cognizance of matters not called to the attention of the trial court." 36 Or App at 856-57. We nevertheless held:

> "Because, however, the allegation is that there was absolutely no evidence from which the defendant could have been convicted, we consider the issue presented by the defendant."

*Id.* at 857.

■　In spite of that rather broad language, we have never read *Willy* to mean that any unpreserved challenge to the sufficiency of the evidence may be raised on appeal. To the contrary, we consistently have given *Willy* a narrow reading. Thus, for example, in *State v. Lindsey*, 45 Or App 607, 609 n 1, 609 P2d 386 (1980), we explained:

> "The language from *Willy* should not be read as establishing any general rule that we will *always* consider challenges to the sufficiency of the evidence when such challenges were not raised in the trial court. The rule is that we may consider such assignments in our discretion. *Willy* was a case in which we exercised that discretion."

(Emphasis in original.) That reading of *Willy* comports with ORAP 5.45(2) (2000)[1] and cases construing it, which provide

---

[1] Until January 1, 2001, ORAP 5.45(2) provided:

"No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

The current version of the rule does not retain that language. It does, however, require that all briefs demonstrate that assignments were "timely and properly" raised in the lower court. ORAP 5.45(4)(a). It also expressly provides for an assignment of error "for a claimed error apparent on the face of the record" and requires, in such cases, that the brief "demonstrate that the error is of the kind that may be addressed by the court without the error having been preserved in the record." ORAP 5.45(4)(b) and (6). Thus, the rule implicitly, if not explicitly, refers to our

that we have discretion to consider unpreserved assignments if we conclude that they pertain to errors of law apparent on the face of the record. *See, e.g., Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991) (appellate court has discretion to consider errors of law apparent on the face of the record).

The question in this case, then, is whether the error about which defendant complains is one of law apparent on the face of the record and, if so, whether we will exercise our discretion to consider it. We note at the outset that defendant does not contend that the error is one of law apparent on the face of the record. Even assuming that it is, however, he offers no justification for exercising our discretion to consider it. Particularly in light of the fact that defendant stipulated to the facts contained in the police report and the laboratory reports, was shown them at trial, and then stood idly by as the trial court ruled without formally admitting them into evidence, we are not inclined to address his complaints about the failure to admit those reports for the first time on appeal.

Affirmed.

---

discretion to consider otherwise unpreserved errors of law apparent on the face of the record.