
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBORAH WESTWOOD; MITCHELL MYERS; PETAL PUSHERS & MORE, LLC, an Oregon limited liability company, DBA Nookie's Bistro & Spirits, | No. 11-35419 |
| | D.C. No. 2:09-cv-00478-BR |
| Plaintiffs - Appellants, | MEMORANDUM[*] |
| v. | |
| CITY OF HERMISTON; DANIEL COULOMBE; CHRIS WASHBURN, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted October 11, 2012[**]
Portland, Oregon

Before: SILVERMAN, CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs Petal Pushers & More, Deborah Westwood, and Mitchell Myers, the owners of a restaurant and bar in Hermiston, Oregon, named "Nookie's," appeal the district court's grant of summary judgment in favor of Defendants City of Hermiston and Hermiston Police Chief Daniel Coulombe on all claims. Reviewing *de novo*, we affirm.

1.      **Intentional Interference with Business Relationships**

The district court properly granted summary judgment on Plaintiffs' claim that the City intentionally interfered with their business relationships with the Oregon Liquor Control Commission and Nookie's customers. With respect to their relationships with the OLCC, even assuming that Westwood and Myers were real parties in interest, the district court correctly ruled that Plaintiffs failed to show actual interference with those relationships, as Nookie's was still able to use its liquor license to the fullest extent. Nookie's remained open for business; Plaintiffs' license was neither revoked nor suspended; and Plaintiffs conceded that the control plan that OLCC implemented did not have a negative impact on their business. Plaintiffs simply did not suffer any harm. To the extent Plaintiffs have argued that they incurred legal expenses, there is no evidence of a causal link between the purported interference and these putative damages. *See Allen v. Hall*, 328 Or. 276, 281, 974 P.2d 199, 202 (1999) (en banc) (stating that the fifth element

2

of a claim for intentional interference with a business relationship is "a causal effect between the interference and the harm to the relationship or prospective advantage").

With respect to their relationships with Nookie's customers, there was no evidence that the alleged interference actually damaged those relationships. *See id.* Plaintiffs failed to present evidence that Nookie's lost any profit due to reduced patronage.

**2.     Malicious Prosecution**

We agree that summary judgment was warranted on Westwood's state law and § 1983 malicious prosecution claims. Viewing the facts in the light most favorable to Westwood, the record supports the district court's finding that the City had probable cause to prosecute Westwood under Oregon Revised Statutes § 162.235 for obstructing police officers' investigation of the July 22, 2007, incident at Nookie's. *See Rogers v. Hill*, 281 Or. 491, 497, 576 P.2d 328, 331-32 (1978) (en banc) ("The tort [of malicious prosecution] consists in initiating or procuring criminal proceedings, from an improper motive and without probable cause, against another who is not guilty of the offense charged, and who ultimately gains a favorable termination of the proceedings."). Even if Officer Golter did not ask to enter the bar and Westwood did not intend to prevent him from doing so,

3

Westwood admitted that, while standing at the entrance with a security guard and making hand gestures, she told Officer Golter that he was not needed. Westwood attributed her hand gestures to her habit of using her hands when she speaks. Under the circumstances it was not unreasonable for Officer Golter to have thought that Westwood was implying that she would not let him in to investigate and that she had placed her hands up to block his entry. *See Blandino v. Fischel*, 179 Or. App. 185, 191, 39 P.3d 258, 261 (Or. Ct. App. 2002) ("In the context of a malicious prosecution claim, 'probable cause' refers to the subjective and objectively reasonable belief that the defendant committed a crime." (citing *Gustafson v. Payless Drug Stores Northwest, Inc.*, 269 Or. 354, 358, 525 P.2d 118 (1974))).

Nor did Westwood establish the elements of a §1983 malicious prosecution claim. She failed to show malice or reckless disregard and did not rebut the presumption of independent judgment. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007). That Coulombe recommended prosecution and issued a citation did not show that Deputy District Attorney Kemp was pressured or given false information. *See id.* ("[The presumption of independent judgment] may be rebutted by showing, for example, that the prosecutor was pressured or caused by the investigating officers to act contrary to his independent judgment or

4

that the investigating officers presented the prosecutor with information known by them to be false." (citation and internal quotation marks omitted)).

**3.    Procedural Due Process**

We agree with the district court that Plaintiffs' procedural due process claim based on the deprivation of their property interest in goodwill failed because the record contains no evidence of Nookie's goodwill.  Under Oregon law, "goodwill may not be attributed to a business if there is no evidence in the record to support it."  *In re Marriage of McDuffy*, 184 Or. App. 359, 364, 56 P.3d 449, 452 (Or. Ct. App. 2002).  We disagree with Plaintiffs that Defendants did not seek summary judgment on that ground, as Defendants argued in their summary judgment motion that Plaintiffs had offered "no proof that defendants' actions caused the OLCC or any other person to view plaintiffs in a more negative light."

Defendants were also entitled to summary judgment on Plaintiffs' other procedural due process claims.  We agree with the district court that there was no evidence of injury, as Plaintiffs never actually lost an OLCC license, and, assuming without deciding that Plaintiffs had a liberty interest in operating Nookie's, Plaintiffs fail to show how they were deprived of that interest.

**4.     Equal Protection**

Finally, Plaintiffs failed to demonstrate the necessary elements of a "class of one" equal protection claim. *See Gerhart v. Lake Cnty., Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2011). Although the district court failed to consider Karen Cranford's declaration and Coulombe's letter to the OLCC, that evidence, viewed in the light most favorable to Plaintiffs, did not establish that Nookie's was treated differently than other similarly situated property owners. Plaintiffs failed to provide, for example, evidence of the type or frequency of police activity directed at other businesses in Hermiston. The district court properly granted summary judgment on Plaintiffs' equal protection claim.

Because Plaintiffs did not establish any constitutional violation, we do not reach the issues of municipal liability and qualified immunity.

**AFFIRMED.**

<u>Westwood v. City of Hermiston</u>, 11-35419

SILVERMAN, Circuit Judge, concurring in part and dissenting in part:

As for the malicious prosecution counts, I would hold that Westwood came forward with sufficient facts to survive summary judgment on the issue of whether there was probable cause to arrest her for obstruction. Here, the facts are disputed. If Westwood's version is believed, Westwood did nothing more than talk to the police officer at the front door of her establishment. She did not block his entrance; she was not asked to move out of the way; she did not obstruct his view of the interior; she did nothing illegal. She acknowledges that she speaks with her hands as she talks, but ordinary gesticulation is no crime. To be sure, the officer has a different version of the event, but taking the facts in the light most favorable to Westwood, *Suzuki Motor Corp. v. Consumers Union of U.S.*, 330 F.3d 1110, 1131-32 (9th Cir. 2003), there was no probable cause to arrest her. A jury must decide what actually happened.

I agree with the majority that there was insufficient evidence to overcome the presumption of prosecutorial independence as to the federal malicious prosecution claim under Section 1983. However, with respect to the state malicious prosecution claim, the lower court decided this question in Appellants' favor under Oregon law, and there is no cross-appeal before us. Accordingly, I

would affirm the grant of summary judgment as to the federal malicious prosecution claim, but reverse as to the state malicious prosecution claim. In all other respects, I concur with the majority.