**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

NOV 7 2016

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C. GORDON DILLARD, | No. 14-35488 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00373-CL |
| v. | |
| STATE OF OREGON; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, District Judge, Presiding

Submitted October 25, 2016[**]

Before:    LEAVY, GRABER, and CHRISTEN, Circuit Judges.

C. Gordon Dillard appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law violations in

connection with the prosecution of a charge against him for encouraging child

sexual abuse.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and we may affirm on an basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Dillard's search and seizure claim because Dillard failed to allege facts sufficient to state a plausible claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004) (a party's conclusory allegations, unwarranted deductions of fact, or unreasonable inferences need not be accepted as true).

Dismissal of Dillard's malicious prosecution claim was proper because Dillard failed to allege facts sufficient to show that the defendants lacked probable cause at the time of his prosecution and conviction. *See Teegarden v. State ex rel. Oregon Youth Auth.*, 348 P.3d 273, 280 (Or. 2015) (elements of malicious prosecution claim); *Blandino v. Fischel*, 39 P.3d 258, 261 (Or. 2002) ("In the context of a malicious prosecution claim, 'probable cause' refers to the subjective and objectively reasonable belief that the defendant committed a crime.").

Because Dillard failed to state an underlying constitutional violation, dismissal of Dillard's *Monell* claims against defendants Josephine County and City of Grant's Pass, and his official capacity claims against defendants Campbell, Sanchez, Henner, Brissette, and Gaunt, was proper. *See Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010) ("Because we hold that there was no underlying constitutional violation, the [plaintiffs] cannot maintain a claim for municipal liability.").

The district court did not abuse its discretion in denying Dillard leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (stating standard of review and explaining that district court may dismiss without leave to amend where amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

14-35488